

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Li v. Atty Gen USA" (2007). *2007 Decisions.* Paper 537.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/537

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3070

———————

JIAN-YING LI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-583-636)

———————————

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2007

Before: SLOVITER, ALDISERT and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 28, 2007)

———————

O P I N I O N

———————

**ROTH,** <u>Circuit Judge</u>:

Jian-Ying Li petitions for review of the order of the Board of Immigration Appeals (BIA) denying her motion to reopen. We will deny her petition because she fails to show changed circumstances arising in the country of her nationality to justify an exception to the 90-day filing requirement for a motion to reopen her asylum proceedings.

## I. **Background and Procedural History**

Li, a native of China, was raised in the town of Fuzhou in the Fujian province. In July 1988, Li's mother, who was over 40 years old and had three children, was forced to undergo sterilization surgery pursuant to China's one child family planning policy despite being post-menopause. Unfortunately, she suffered from complications relating to the surgery. Li's father, upset by his wife's suffering, confronted the local family planning official but was forced to apologize under threat of being jailed for violating China's one child policy. Nevertheless, he filed a complaint against this official. In April 1989, Li's aunt and sister were also forced to undergo sterilization surgery. Soon after, Li's family began moving around to avoid harassment by government officials, which Li claims was the result of her father's complaint and her aunt's resistance to the sterilization procedure. In 1990, Li and her family entered the United States illegally. More than a decade later, in February 2006, Li married Eric Huang, a citizen of the United States. Huang and Li have two children, a daughter born in February 2004 and a son born in May 2006.

Li first applied for asylum in February 1993. She was denied asylum in April 1998

because an asylum officer determined that Li had not established past persecution or a well-founded fear of future persecution. Removal proceedings were initiated, and Li's asylum case was heard on its merits by an Immigration Judge (IJ) in November 2002. In December 2002, the IJ denied Li's asylum application, request for withholding of removal, and request for relief under the Convention Against Torture (CAT), but granted her voluntary departure. She filed an appeal with the BIA, which affirmed the IJ's decision in September 2004. Li then petitioned this Court for review, but the petition was denied in October 2005. Her petition for panel rehearing and hearing en banc was denied in December 2005. In March 2006, she filed a motion to reopen her removal proceedings with the BIA. This was denied in May 2006 by the BIA on the ground that it had not been filed within 90 days of the BIA's final order of September 2004. She timely petitioned us for review of the BIA's decision.

## II. Jurisdiction and Standard of Review

We have appellate jurisdiction over the final order of removal of the BIA under § 242 of the Immigration and Nationality Act and 8 U.S.C. § 1252. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 591 (3d Cir. 2003).

We will review the denial of a motion to reopen for an abuse of discretion, *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005), and the BIA's decision will not be disturbed unless found to be arbitrary, irrational, or contrary to law. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

## III. Analysis

3

A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(iii); 8 C.F.R. § 1003.2(c)(2). Although motions filed after this deadline will be time-barred, 8 C.F.R. § 1003.2(c)(3)(ii) provides an exception to the 90-day requirement for motions to reopen asylum proceedings based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.

Li contends that her motion to reopen should be granted because of changed personal circumstances (i.e. the birth of her two children and marriage to a United States citizen) and changed circumstances regarding China's one child policy. Given the clarity of the language found in § 1003.2(c)(3)(ii), however, we hold that changed personal circumstances are distinct from changed circumstances arising in Li's country of nationality, China. In doing so, we are in agreement with our sister circuits, the Second and Seventh Circuits, which have also held that changed personal circumstances do not fall under this statutory exception. *Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006); *Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005).

Furthermore, Li has failed to demonstrate changed circumstances in China to justify reopening her asylum proceedings. Although Li provides evidence showing China's enforcement of its one child policy, she fails to show any changed circumstances regarding this policy. In fact, Li herself refers repeatedly to the continuous nature of this policy. Thus, China's one child policy, which was enforced before Li arrived in the United States and has

4

continually been enforced, as evidenced by Li's supporting documents, cannot constitute a changed condition to support Li's motion to reopen. To do so would be to violate the meaning of changed conditions. Therefore, we conclude that the denial of Li's motion to reopen was within the discretion of the BIA.

## IV. Conclusion

For the reasons set forth above, we will **deny** the petition for review.